IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| TIMOTHY MISNER and RACHEL MISNER, husband and wife, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiffs, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-14-873-D |
|  | ) |  |
| STATE FARM FIRE AND CASUALTY COMPANY and DEBBIE SHEPHERD, INSURANCE AGENCY, INC., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER

This matter is before the Court upon Defendant State Farm Fire and Casualty Company's Motion for Consolidation of Cases [Doc. No. 8], filed pursuant to Fed. R. Civ. P. 42(a). Plaintiffs have timely opposed the Motion, which is fully briefed and at issue.

The Motion seeks consolidation, for pretrial and discovery purposes only, of three cases that Defendant removed from the District Court of Cleveland County, Oklahoma, between August 15, 2014, and August 18, 2014. These cases (and others that were removed later and are the subject of a separate motion for consolidation) were previously part of a coordinated plan developed by the assigned Cleveland County district judge, the Honorable Lori Walkley. The parties disagree whether Judge Walkley ordered consolidation of the cases or merely reassignment for case management purposes. Regardless of terminology, a hearing transcript submitted by Defendant with its reply brief makes clear that Judge Walkley intended to resolve common discovery and pretrial issues in the numerous cases

filed against Defendant by individual insureds impacted by the May 2013 tornados in Moore, Oklahoma, but reserved for future decision whether she would decide individual issues or conduct the trials.[1] Notwithstanding the state court procedures previously utilized in these cases,[2] the instant Motion is governed by Fed. R. Civ. P. 42(a) and calls for an exercise of discretion by this Court. *See Gillette Motor Transp. v. Northern Okla. Butane Co*., 179 F.2d 711, 712 (10th Cir. 1950) (recognizing "broad discretion vested in the trial court in ordering consolidation of cases").

Rule 42(a)(2) authorizes a district court to consolidate actions that involve a common question of law or fact. Defendant contends this criteria is satisfied by the identical form-like pleadings that Plaintiffs' counsel has filed on behalf of each insured that he represents, merely changing the names of the plaintiffs, the number of the insurance policy, and the name of the local agent who sold the subject homeowner's policy. Similarly, in removing the cases to federal court, Defendant has uniformly asserted that diversity jurisdiction exists because a non-diverse defendant was fraudulently joined and should be disregarded. Notwithstanding the pleading similarities, however, the Court takes judicial notice that Plaintiffs' counsel has used this same form of petition against other insurance companies and

---

[1] Judge Walkley stated: "I'm going to reassign all of the cases to me for all discovery and pretrial matters, reserving the issue of trial assignment for a later date, and we'll see what we've got and what comes along. And then if State Farm has specific issues they want to pick out as we go to certain cases, I will be happy to look at them then. If they get pulled out – called out of the crowd, based upon specific factual differences, they will go back to the previous assigned judge." *See* Def.'s Reply Br., Ex. 1 [Doc. No. 21-1], 1/6/13 Hr'g Tr. 10:1-11.

[2] From the hearing transcripts submitted by the parties, it appears that much of the state court's plan was developed by agreement of the parties and involved a discovery master.

had used it before the 2013 Moore tornado. A uniform response to these petitions by the defendant insurers has been to assert that the resident agent was fraudulently joined to prevent removal to federal court. Yet Defendant is the first to assert that cases against the same insurer from the same catastrophic event should be consolidated.[3] As conceded in the Motion, "each [insured's] claim does involve the separate adjustment of the individual insurance claims of the separate plaintiffs and whether such adjustments resulted in proper payments to the respective insureds." *See* Def.'s Motion [Doc. No. 8] at 8.

Plaintiffs urge the Court to delay consideration of the issue of consolidation until their Motion to Remand and federal subject matter jurisdiction are decided. Defendant argues that delay is not necessary, and could potentially result in inconsistent rulings on the motions to remand filed in each case. Defendant contends the issue of fraudulent joinder is itself common to all cases. Defendant has submitted copies of the removal notices filed in each case, which contain identical allegations concerning the nature of the suit and reciting identical facts and legal arguments to support Defendant's claim of fraudulent joinder. Each notice of removal relies on the undersigned's previous determination in a prior case filed by Plaintiffs' counsel against Defendant using the same form of petition. In *Neill v. State Farm Fire and Casualty Co.*, Case No. CIV-13-627-D (W.D. Okla.), the Court found that diversity jurisdiction existed because the local agent had been fraudulently joined.

---

[3] Two like cases against another insurer arising from this same tornado were *Clements v. Allstate Veh. & Prop. Ins. Co.*, No. CIV-14-17-L (W.D. Okla.), and *Smith v. Allstate Veh. & Prop. Ins. Co.*, No. CIV-14-18-HE (W.D. Okla.).

Upon review of the decision in *Neill*, the Court notes that denial of the motion to remand in that case hinged on a finding that the plaintiffs' deposition testimony "shows there is no possibility that Plaintiffs would be able to establish a cause of action against Defendant Stout, a State Farm insurance agent who sold Plaintiffs the homeowners' insurance policy that is the subject of this suit." *See id.*, Order of Jan. 21, 2014, at p. 4. The Court determined that the notice of removal was timely filed in *Neill* because the Court was not persuaded by the plaintiffs' arguments that the time for removal began with service of the petition. Under the circumstances presented, the Court found that "Defendant likely could not have ascertained that [the agent] had been fraudulently joined until they took Plaintiffs' depositions." *Id*. at p. 2. Thus, the determinations in *Neill* that jurisdiction existed and removal was procedurally proper were based on the particular facts of that case. Likewise, the Court's determinations regarding the pending motion to remand in this case, as well as similar motions filed in the other cases proposed for consolidation, will be based on the particular facts and arguments presented.

Upon consideration of Defendant's arguments for consolidation before rulings on the motions to remand, the Court is not persuaded that a consolidation decision should be made at this early stage. Although there may be common legal, or even factual, issues in the cases proposed for consolidation,[4] it is simply too early to tell whether the likelihood of "common briefing on a variety of dispositive and other motions" and "common discovery concerning

---

[4] Defendant alleges in each case that Plaintiffs' counsel purposely attempted to delay the deposition of his clients until after the one-year deadline for removal had expired, and that his conduct resulted in a motion to compel heard by the state court judge on July 21, 2014.

issues such as State Farm's general claim handling policies for the tornado catastrophe that damaged the plaintiffs' respective homes" warrant a consolidation of the multiple cases into a single proceeding. *See* Def.'s Motion [Doc. No. 8] at 10. "Consolidation of cases is permitted as a matter of convenience and economy" if the rights of the parties are adequately protected. *Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982). At this point, Defendant's arguments of judicial economy cannot be meaningfully evaluated.[5] Therefore, the Court believes that a consolidation of unrelated cases primarily for case management reasons should be decided only after individual case determinations have been made that each case was properly removed to federal court.

IT IS THEREFORE ORDERED that Defendant' Motion for Consolidation of Cases [Doc. No. 8] is DENIED, without prejudice to a future motion.

IT IS SO ORDERED this 6th day of October, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] It would seem, for example, that the benefit of streamlined discovery urged by Defendant could be accomplished by proceeding cooperatively with joint discovery in the cases; an order of consolidation is not required. *See* Fed. R. Civ. P. 29 (authorizing stipulations by the parties about discovery procedures). Further, it is the undersigned's practice when consolidating cases to administratively close the higher numbered case and require all filings to be made in the lowest numbered case. This practice might create an unwieldy record in this case and would require that specialized procedures be crafted.