IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY MISNER, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-14-873-D |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

This matter is before the Court on Plaintiffs' Motion to Remand [Doc. No. 15], which raises both procedural and jurisdictional challenges to the removal of this action from state court. Plaintiffs assert that the Notice of Removal was not timely filed by Defendant State Farm Fire and Casualty Company ("State Farm"), that State Farm waived its right of removal, and that its allegations and evidence of fraudulent joinder of a nondiverse defendant are insufficient. State Farm has timely opposed the Motion and, with its response, has filed Defendant's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand [Doc. No. 24]. Both motions are fully briefed.

**Factual and Procedural Background**

This case concerns an insured loss resulting from the May 20, 2013 tornado in Moore, Oklahoma. Plaintiffs' loss was covered by a homeowner's insurance policy issued by State Farm. Plaintiffs sued State Farm in the District Court of Cleveland County, Oklahoma, in August, 2013, claiming that State Farm failed to pay the full amount due under the policy and

breached its duty of good faith and fair dealing. Plaintiffs also included in their petition additional claims against a local insurance agency that sold Plaintiffs the subject policy, Defendant Debbie Shepherd Insurance Agency, Inc. ("Shepherd"). Plaintiffs claim that Shepherd failed to exercise reasonable care and skill in procuring a replacement cost policy that would provide the insurance coverage promised to Plaintiffs, failed to inform Plaintiffs of limitations of the policy, and failed to maintain an appropriate level of coverage. In addition, Plaintiffs assert claims against Shepherd for negligent misrepresentation, negligent underwriting, and breach of fiduciary duty.

As shown by the Notice of Removal and attachments spanning more than 1100 pages, the case was litigated in state court for almost a year before it was removed on August 15, 2014, pursuant to 28 U.S.C. §§ 1441 and 1446. State Farm invokes subject matter jurisdiction under 28 U.S.C. § 1332 based on allegations that Plaintiffs fraudulently joined Shepherd in an attempt to destroy diversity of citizenship. State Farm asserts that "Plaintiffs have no possibility of establishing a cause of action" against Shepherd. *See* Notice of Removal [Doc. No. 1], ¶ 29. Specifically, State Farm contends the allegations of Plaintiffs' pleading – when "viewed in conjunction with the concessions made by Plaintiffs' counsel" at a state court hearing on July 21, 2014 (*id*. ¶ 31) and viewed in light of the terms of the policy and facts regarding the loss (*id*. ¶¶ 34-35) – fail to state a viable claim against Shepherd under Oklahoma law for negligent misrepresentation, negligence, or breach of fiduciary duty and, further, any claim would be barred by Oklahoma's two-year statute of

2

limitations. State Farm also contends Plaintiffs prevented it from conducting discovery in state court that would conclusively show their claims lack any factual basis, and the removal was timely filed after the statements made by Plaintiffs' counsel at the July 21 hearing. State Farm asserts that counsel's statements provided the "other paper" from which it could first be ascertained that the case was removable. *See* 28 U.S.C. § 1446(b)(3); Notice of Removal [Doc. No. 1], ¶ 30.[1]

As stated above, Plaintiffs' Motion challenges both State Farm's allegations of fraudulent joinder and the timeliness of removal. Plaintiffs contend nothing has occurred during the litigation that caused the case to become removable, and removability was not shown by their attorney's hearing statements. Regarding timeliness, Plaintiffs argue that, if the case is removable, State Farm could have ascertained removability based on the petition and written discovery responses received from Plaintiffs in April, 2014, at the latest. Finally, Plaintiffs present the affidavit of a retained expert to support their position that Shepherd "failed to adhere to the basic practices and standards applicable to insurance agents in the procurement, handling, maintenance and renewal of the Misners' insurance policy." *See* Plfs' Mot. Remand [Doc. No. 15] at p.18.

State Farm responds that either the hearing statements of Plaintiffs' counsel provided the first "unequivocal notice" of removability or the statements constituted a waiver of any

---

[1] Alternatively, if the Court should determine that a factual showing is necessary to establish fraudulent joinder, State Farm requests in the Notice of Removal (like its pending motion) that it be permitted to depose Plaintiffs prior to any ruling on the issue. *Id.* ¶ 31.

defects in State Farm's compliance with the timeliness requirement of § 1446(b). *See* Def.'s Resp. Br. [Doc. No. 23] at p.12 (citing *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999)). State Farm contends the vague and conclusory allegations of Plaintiffs' pleading made it impossible to ascertain whether a substantial claim against Shepherd existed, and Plaintiffs' discovery responses "add[ed] nothing of substance to [their] allegations" against Sheperd. *Id*., p.14. State Farm argues, however, that "some of Plaintiffs' purported claims against Shepherd are invalid on their face" (*id*., p.18), that other claims are supported only by vague and "generic" allegations that are identical to ones made in other cases filed by Plaintiffs' counsel and so are not credible (*id*., p.20), that Plaintiffs' resistance to being deposed raises an inference that their testimony would not have supported a claim against Shepherd, and that the July 21 hearing statements of Plaintiffs' counsel confirm the correctness of this inference. Finally, State Farm urges the Court to disregard the affidavit submitted by Plaintiffs in support of their negligence claim against Shepherd "because it proffers improper legal conclusions, expresses 'opinions' . . . that are not supported by Oklahoma law, and is ultimately irrelevant to the issue . . . [of] whether Plaintiffs have 'any possibility of recovery' against Shepherd." *Id*., p.22.

## Standard of Decision

Subject matter jurisdiction over this case depends on the doctrine of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to

4

establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted). Under the circumstances, State Farm must show there is no possibility that Plaintiffs would be able to establish a cause of action against Shepherd. *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, *1-2 (10th Cir. April 14, 2000) (unpublished). The non-liability of a defendant alleged to be fraudulently joined must be established with "complete certainty." *See Smoot v. Chicago, Rock Island & Pac. R.R. Co*. 378 F.2d 879, 882 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns, Inc*., 329 F.2d 82, 85 (10th Cir. 1964). "But upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Smoot*, 378 F.2d at 882 (citations omitted).

The timeliness of removal depends on State Farm's compliance with the statutory procedure set forth in § 1446(b)(3), which provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). The 30-day time limit begins to run when a defendant with a right to remove receives unequivocal notice, normally as a result of a voluntary act of the plaintiff, from which "the defendant is able to intelligently ascertain removability." *See Huffman v.*

*Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (internal quotation omitted); *see also Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998).

Federal courts are generally obliged to address jurisdiction as a threshold matter. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Further, a removing party bears the burden to establish subject matter jurisdiction, which cannot be waived. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Therefore, the Court first addresses the issue of whether State Farm has established its asserted basis for federal jurisdiction – fraudulent joinder.

**Discussion**

**A.    State Farm's Proof of Fraudulent Joinder**

In relying on § 1446(b)(3) to establish the timeliness of the Notice of Removal, State Farm has conceded that the case stated by Plaintiffs' pleading was not removable and that Plaintiffs' written discovery responses were also insufficient to establish removability. State Farm expressly argues in its present brief that neither "Plaintiffs' ambiguous petition" nor their discovery responses provided clear notice that Shepherd had been fraudulently joined. *See* Def.'s Resp. Br. [Doc. No. 23] at pp.10-11. The question becomes, what information now enables State Farm to show with complete certainty that the case is removable, that is, Plaintiffs have "no possibility of establishing a cause of action" against Shepherd? *See* Notice of Removal [Doc. No. 1], ¶ 29.

State Farm purports to rely on "concessions made by Plaintiffs' counsel at the July 21, 2014 hearing." *Id*. ¶ 31.² The statements to which State Farm refers were made during oral arguments by attorneys for Plaintiffs in a hearing conducted by the presiding Cleveland County district judge, the Honorable Lori Walkley. Multiple insurance cases against State Farm related to the May 2013 tornadoes in Moore, Oklahoma, were assigned to Judge Walkley for consolidated discovery proceedings that were overseen by a discovery master. As shown by the hearing transcript submitted with Plaintiffs' Motion, and the appendix of exhibits attached to the Notice of Removal, the dispute that was the subject of a July 21 hearing before Judge Walkley concerned the timing of depositions and scheduling conflicts related to the trial schedule of Plaintiffs' counsel in other cases.

The particular statements on which State Farm relies are those of lead counsel for Plaintiffs, Jeffrey Marr, who was countering an argument by State Farm's counsel that a right of due process would be violated if the defendants were unable to depose the plaintiffs in cases for which the one-year deadline for removal of 28 U.S.C. § 1446(c)(1) would soon expire. *See* 7/14/14 Hr'g Tr. [Doc. No. 1-18], pp.10-11.³ The discovery master had recommended a schedule to complete the plaintiffs' depositions in three cases by August 1,

---

² State Farm also relies on the fact that Plaintiffs' counsel has utilized an almost identical, form-like petition in other cases brought on behalf of other insureds to argue that it is "not remotely plausible" that numerous agents would have separately engaged in identical conduct. *See* Def.'s Resp. Br. [Doc. No. 23], p.20. This argument, although attractive, does not foreclose the possibility that Shepherd engaged in the conduct alleged in Plaintiffs' pleading. Also, this fact was previously known to State Farm.

³ State Farm provided with its Notice of Removal only unofficial, partial hearing transcripts that do not permit a more precise citation.

7

2014. *See* Recom. of Disc. Master [Doc. No. 1-19], p.3. State Farm focuses on Mr. Marr's statements that State Farm did not need to take the depositions before removal, that State Farm already had enough information to remove the cases, that there was "no prejudice to State Farm" if it did not obtain the deposition testimony before the one-year deadline, and that it could remove the cases "at any time within one year." *See* 7/21/14 Hr'g Tr. [Doc. No. 15-4], 8:24-9:9, 10:10-19, 15:23-16:1, 16:8-10; *see also* Notice of Removal [Doc. No. 1], ¶ 28; Def.'s Resp. Br. [Doc. No. 23], pp.10, 11-12.

In relying on the hearing statements of Plaintiffs' counsel, State Farm asks the Court to draw inferences that are unfavorable to Plaintiffs. This is inconsistent with Tenth Circuit authority, which holds: "The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (internal quotation omitted) *accord Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003) ("Any contested issues of fact and any ambiguities of state law must be resolved in [plaintiff's] favor."). Viewed most favorably to Plaintiffs, the Court does not find counsel's statements to be concessions that Plaintiffs' testimony would not provide factual support for their claims against Shepherd, as argued by State Farm.

Read in context, the statements were made in support of Plaintiffs' legal position that removal may be based on other sources of factual information, such as written discovery responses and a defendant's independent investigation. Mr. Marr argued that State Farm had provided no legal authority for the proposition that depositions must be taken before removal

8

to federal court, and had not shown that taking Plaintiffs' depositions was the only way to establish fraudulent joinder. *See* 7/21/14 Hr'g Tr. [Doc. No. 15-4], 8:25-9:9. His statement that State Farm had enough information was made in the context of arguing that Plaintiffs had responded to written discovery requests and supplemented their responses, and that there was no outstanding discovery motion challenging the sufficiency of Plaintiffs' responses. *See id*. 10:12-19. Mr. Marr's statement that State Farm was entitled to remove the cases and could do so within one year of filing could be viewed as simply acknowledgment of the federal statutes. Mr. Marr was also likely acknowledging that State Farm could proceed exactly as it has, by removing the case based on allegations of fraudulent joinder and pursuing discovery in federal court to support the allegations.

In short, Mr. Marr did not provide any facts or make any concessions bearing on the issue of whether Plaintiffs' claims against Shepherd were factually supported or supportable. Accordingly, the Court finds that State Farm's reliance on these statements to establish that there is no possibility Plaintiffs could recover against Sheperd is misguided. Instead, the issue of fraudulent joinder must be decided based on the facts and evidence provided in support of the Notice of Removal, other than Mr. Marr's statements.

Upon consideration of the record presented, the Court finds that, notwithstanding some legal insufficiencies in Plaintiffs' pleading shown by the Notice of Removal, State Farm does not fully address in its Notice of Removal all claims asserted against Shepherd. For example, State Farm expressly concedes that Plaintiffs' claims of fraud and

misrepresentation are not facially defective.  *See* Notice of Removal [Doc. No. 1], ¶ 20.  But State Farm fails to present in its subsequent discussion of Plaintiffs' claims facts that establish they have no possibility of recovery under this theory.

Plaintiffs claim in their Fourth Cause of Action for "Constructive Fraud and Negligent Misrepresentation" that they "were induced to accept and purchase the State Farm homeowners replacement cost policy by Defendant Shepherd's misrepresentations."  *See* Petition [Doc. No. 1-1], ¶ 46.  Plaintiffs allege Shepherd misrepresented that:  a) the coverage provided by the policy "was truly one of 'replacement';" b) the amount of coverage "was equal to the estimated replacement cost of Plaintiffs' home;" c) the amount of coverage "would provide the coverage necessary to replace their dwelling and personal property in the event their home was totally destroyed by a covered event;" and d) if Plaintiffs sustained a covered loss, "their dwelling and personal property would be 'replaced' as opposed to depreciated."  *Id*. ¶ 42.  State Farm does not address particular misrepresentations but argues only that Plaintiffs' claim rests on "statements regarding the future performance of the policy" rather than existing facts.  *See* Notice of Removal [Doc. No. 1], ¶ 33.  State Farm also contends Plaintiffs could not reasonably have relied on any misrepresentations "because they received a copy of the Policy" (*id*.), and they could not have been damaged because their house was not totally destroyed and thus "[t]he replacement cost of Plaintiffs' house is not at issue."  *Id*. ¶ 34.  State Farm provides no factual support for these contentions.

Similarly, State Farm seeks to defeat Plaintiffs' negligence claim based on the principle that "an insurance agent has no duty under Oklahoma law to advise an insured regarding insurance needs or to monitor a policy for 'appropriate' coverage." *Id*. ¶ 35. Although no legal authority is cited in the Notice of Removal, State Farm relies in its brief on decisions of the Oklahoma Court of Civil Appeals. *See* Def.'s Resp. Br. [Doc. No. 23], pp.18-19 (citing *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003); *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013)). These decisions refined the rule of *Swickey v. Silvey*, 979 P.2d 266, 269 (Okla. Civ. App. 1999), that "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss."

In *Rotan*, 83 P.3d at 895, the court stated that an agent has a duty to "offer coverage mandated by law and coverage for needs that are disclosed by the insureds." The insureds' negligence claim failed in *Rotan* because they did not disclose information to the agent that would have permitted him to determine their need for the type of coverage at issue. In *Cosper*, the court declined to extend *Swickey* and impose a duty to provide an "adequate amount" of coverage; the insureds' negligence claim failed in *Cosper* because they did not claim to have requested a specific amount and "nothing in the record show[ed the agent] played any part in setting a coverage limit." *See Cosper*, 309 P.3d at 149. In this case, the

record reveals nothing about what information Plaintiffs provided to Shepherd or what part he played in determining the coverage of their policy.[4]

State Farm also alleges that any tort claim is barred by the applicable statute of limitations. But this allegation is based solely on the fact that Plaintiffs first applied for the policy in September, 2008. From this, State Farm concludes that the two-year statute of limitations "would have expired in 2010." *See* Notice of Removal [Doc. No. 1], ¶ 39. If the discovery rule applies, however, the statute of limitations begins to run when a plaintiff "knows, or in the exercise of due diligence, should have known of the injury." *See Woods v. Prestwick House, Inc.*, 247 P.3d 1183, 1186 (Okla. 2011). Plaintiffs' insurance loss occurred in 2013. State Farm presents no facts to establish that Plaintiffs should have known of their injury sooner.

State Farm points to no evidence that would negate Shepherd's liability for the claims stated in the petition, but merely relies on a lack of evidence. Under these circumstances, where neither side has presented any substantive evidence regarding Shepherd, State Farm has failed to meet its heavy burden to establish fraudulent joinder. *See Travis*, 326 F.3d at 650. Therefore, the Court finds that State Farm has failed to show the existence of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

---

[4] Plaintiffs' Motion is similarly silent regarding such facts. Their expert's opinions are not based on any information provided by Plaintiffs or Shepherd regarding their communications or dealings, but on the fact that Shepherd provided no documents or discovery responses showing he performed certain tasks.

**B. Jurisdictional Discovery**

Anticipating that the Court might reach this conclusion, State Farm alternatively requests that it be permitted to conduct jurisdictional discovery to develop a sufficient factual record to establish fraudulent joinder. State Farm proposes to take the depositions of both Plaintiffs, and to supplement its response to their Motion within 20 days after the depositions are completed. Plaintiffs oppose this request on the grounds that State Farm has failed to establish the depositions are needed, that State Farm had ample opportunity to conduct discovery in state court before removal, and that the proposed discovery is not sufficiently tailored to the jurisdictional issues.

The parties' positions on the availability to State Farm of timely discovery align with the arguments made by their attorneys in the July 21 hearing before Judge Walkley. State Farm contends Plaintiffs or their counsel deliberately blocked the depositions; Plaintiffs faults State Farm for its failure to develop sufficient facts in a timely manner. Judge Walkley expressed skepticism about both positions; she stated, "I think both sides are posturing a great deal." *See* 7/21/14 Hr'g Tr. 21:13-14. However, it is also clear that she set a deadline to complete Plaintiffs' depositions on a date after the one-year deadline of § 1446(c)(1) because she believed that State Farm could remove based on the existing record and then ask to supplement its filing after the depositions were taken. Under these circumstances, the Court finds that State Farm should be permitted to take the depositions before a final decision regarding jurisdiction is made. There is no reason for this case to bounce back and forth

13

between state and federal courts when two depositions are all that is needed to flesh out the allegations of Plaintiffs' petition, and resolve the question of whether any substantial claim against Shepherd exists.

Accordingly, the Court will order the parties to schedule the depositions of Timothy Misner and Rachel Misner on a mutually agreeable date within 30 days from the date of this Order. State Farm will be given 21 days from the date of the last deposition to supplement the record, and Plaintiffs will have 21 days to respond. The Court is mindful, however, that a federal court must be careful to avoid permitting a summary process designed to establish jurisdiction from expanding into a resolution of the merits. *See Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc); *see also Brazell v. White*, 525 F. App'x 878, 881 (10th Cir. 2013) (the objective of the fraudulent joinder inquiry "is not to pre-try the merits of the plaintiff's claims").[5] Therefore, State Farm shall limit the areas of inquiry during the depositions to the jurisdictional issue of fraudulent joinder, and may examine Plaintiffs only regarding facts that might preclude a recovery from Shepherd.

**C.    Timeliness**

Plaintiffs also challenge the timeliness of the Notice of Removal, but their position is not entirely clear. They simultaneously argue that the case is not removable and nothing transpired to trigger a right of removal under § 1446(b)(3), but that if State Farm believed

---

[5] At least one appellate court has concluded that post-removal discovery to establish jurisdiction is never appropriate. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1215-26 (11th Cir. 2007). The Tenth Circuit has not decided this issue.

the case was removable, it should have undertaken its own investigation and filed a notice of removal within 30 days of the filing of the petition or, at the latest, within 30 days after receiving Plaintiffs' discovery responses. Plaintiffs' position is contrary to binding precedent holding that a defendant has no "duty to investigate and determine removability where the initial pleading indicates that the right to remove *may* exist; the Tenth Circuit "requires clear and unequivocal notice from the pleading itself, or a subsequent "other paper." *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998) (emphasis in original).

Further, under the Tenth Circuit's view of § 1446(b)(3), "the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the plaintiff." *Huffman*, 194 F.3d at 1078 (citing *DeBry v. Transamerica Corp.*, 601 F.2d 480, 486-88 (10th Cir.1979)). Other federal courts agree. *See Romulus v. CVS Pharmacy, Inc.*, No. 14-1937, 2014 WL 5422160, *6 (1st Cir. Oct. 14, 2014) (to be published) ("Section 1446(b)(3) does not apply until removability can first be ascertained from the *plaintiffs'* own papers.") (emphasis in original); *see also Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010) ("the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought"); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.63 (11th Cir. 2007) ("a case becomes removable when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the

court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists.").

The papers on which Plaintiffs rely to establish adequate notice to State Farm are the petition and their written discovery responses. The Court finds that none of these papers provided sufficient information to amount to clear and unequivocal notice to State Farm that Plaintiffs could not establish a claim against Shepherd. The Court further finds that Plaintiffs' failure to provide a paper from which removability could be ascertained does not mean that the case was improperly removed.

Federal appellate courts that have reached the question have held that the two 30-day periods of § 1446(b) are not the exclusive time periods for removal. *See Cutrone v. Mortg. Elec. Regis. Sys., Inc.*, 749 F.3d 137, 147 (2d Cir. 2014); *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 825-26 (7th Cir. 2013); *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124-25 (9th Cir. 2013). "[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014). In this case, Plaintiffs never provided a discovery response or other paper showing that Shepherd was fraudulently joined so the 30-day time period of § 1446(b)(3) was never triggered. Therefore, the Court finds that State Farm's Notice of Removal was not untimely.

### D. Waiver

Plaintiffs' second procedural attack on the removal of their case is an assertion that State Farm waived its right of removal because it "sought substantive relief from the state court despite its claim that Defendant Shepherd was fraudulently joined." *See* Pls.' Mot. Remand [Doc. No. 15], p.15. Plaintiffs cite a number of defensive actions undertaken by State Farm: filing a dismissal motion, procedural motions, and discovery motions; making an offer to confess judgment; and conducting discovery. The Tenth Circuit has squarely held, however, that "a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to removal in the absence of adequate notice of the right to remove." *Akin*, 156 F.3d at 1036. Because the Court has found that State Farm did not receive adequate notice of removability before it filed its Notice of Removal, State Farm could not have waived its right to remove the case through engaging in litigation activities in state court.

### Conclusion

For these reasons, the Court concludes that the present record is insufficient to determine whether jurisdiction exists but, otherwise, the removal of the case was proper. A limited amount of jurisdictional discovery will be authorized to determine the question of fraudulent joinder.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 15] is DENIED in part, and RESERVED in part for future ruling.

17

IT IS FURTHER ORDERED that Defendant's Alternative Motion to Conduct Jurisdictional Discovery and for Stay of Ruling on Plaintiffs' Motion to Remand [Doc. No. 24] is GRANTED. The parties are directed to schedule the depositions of Timothy Misner and Rachel Misner on a mutually agreeable date or dates to be conducted within 30 days from the date of this Order; these depositions are limited to the issue of fraudulent joinder, as set forth herein. State Farm shall supplement its response to Plaintiffs' Motion to Remand within 21 days from the date of the last deposition, and Plaintiffs shall respond within 21 days thereafter.

IT IS SO ORDERED this 4th day of December, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE