IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| TIMOTHY MISNER, *et al.*, | ) | |
|---|---|---|
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-873-D |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | (District Court of Cleveland County, |
| COMPANY, *et al.*, | ) | Oklahoma, Case No. CJ-2013-1050) |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

This matter is before the Court for disposition of Plaintiffs' Motion to Remand [Doc. No. 15] following the completion of jurisdictional discovery authorized by the Order of December 4, 2014. The Court previously determined that Defendant State Farm Fire and Casualty Company ("State Farm") had failed to establish fraudulent joinder of a nondiverse defendant, Debbie Shepherd Insurance Agency, Inc. ("Shepherd"). The December 4 Order contained a detailed discussion of the law and Plaintiffs' allegations against Shepherd, and that discussion will not be repeated here.

Having now deposed Plaintiffs Timothy Misner and Rachel Misner, as previously requested, State Farm relies on their testimony and an affidavit of Debbie Shepherd to show that the claims asserted against Shepherd in Plaintiffs' pleading are "without factual basis and a complete sham." *See* Def. State Farm's Suppl. Resp. Br. [Doc. No. 36], p.3 (quoting *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881 (10th Cir. 1967)). Plaintiffs, of course, disagree. Among other things, they contend that Shepherd was negligent in

procuring their homeowners' insurance policy because they requested replacement cost coverage for their residence and personal property but the amount of coverage provided was insufficient to rebuild their home and replace its contents after the May 20, 2013 tornado in Moore, Oklahoma.

State Farm has consistently maintained that Plaintiffs' negligence claim against Shepherd is foreclosed by Oklahoma case law holding that an insurance agent has no duty to advise an insured regarding insurance needs or to determine appropriate coverage. Specifically, State Farm relies on *Rotan v. Farmers Ins. Group of Cos.*, 83 P.3d 894 (Okla. Civ. App. 2003), for the proposition that "insurance agents 'need only offer coverage mandated by law and coverage for needs that are disclosed by the insured.'" *See* Def. State Farm's Suppl. Resp. Br. [Doc. No. 36], p.4 (quoting *Rotan*, 83 P.3d at 895). State Farm also relies on *Cosper v. Farmers Ins. Co.*, 309 P.3d 147 (Okla. Civ. App. 2013), for the proposition that a plaintiff does not state a negligence claim by alleging "that the agent failed to procure coverage 'in the amount needed.'" *Id.* (quoting *Cosper*, 309 P.3d at 149).

State Farm overstates the holdings of *Rotan* and *Cosper*. The insureds' negligence claim failed in *Rotan* because they did not disclose information to the agent that would have permitted him to determine their need for the type of coverage at issue.[1] In *Cosper*, the

---

[1] *Rotan* concerned an optional automobile insurance coverage that would have provided residual debt coverage for the gap between fair market value of the vehicle and the amount owed for the vehicle. The court found that the insureds had not made their need for such coverage known to the agent. *See Rotan*, 83 P.3d at 895 ("[T]he insureds did not know, and hence did not disclose, that the fair market value of the insured vehicle was less than the amount owed on the vehicle. Without being provided such information, the scope of the agent's duty to use reasonable care, skill, or diligence in the procurement of insurance did not extend to providing residual debt coverage.").

2

insureds failed to state a negligence claim against an agent who procured a homeowner's insurance policy with a level of replacement cost coverage that exceeded the amount necessary to replace the home in the event of a loss, and so caused them to pay higher premiums for coverage they did not need. In rejecting their negligence claim, the Oklahoma Court of Civil Appeals reasoned that the insureds "did not allege that they requested a specific coverage limit and Defendants disregarded the request" and "nothing in the record show[ed the agent] played any part in setting a coverage limit." *Cosper*, 309 P.3d at 149.

In the December 4 Order, the Court found that "the record reveals nothing about what information Plaintiffs provided to Shepherd or what part [Shepherd] played in determining the coverage of their policy." *See* 12/4/14 Order [Doc. No. 32], p.11-12. The testimony of Plaintiffs in their depositions, together with Shepherd's interrogatory answers submitted with Plaintiffs' supplemental brief, now fill that void. Plaintiffs both testified that they requested replacement cost coverage from Shepherd, by which they meant coverage that would allow them to rebuild the house and replace a detached shed and contents in the event of a loss like they experienced. Plaintiffs further testified that Shepherd collected pertinent information and assisted in determining the amount of replacement cost coverage that Plaintiffs purchased. Shepherd has stated in answers to interrogatories that, as far as can be recalled, a computer software program known as "Xactware" was used to calculate the replacement cost. Thus, the allegations and evidence in this case are that the insureds *did* inform the agent of their insurance needs and the agent was involved in determining the coverage offered to them, unlike the facts of *Rotan* and *Cosper*.

3

The doctrine of fraudulent joinder is not a basis to pre-try the merits of a plaintiff's claims against a resident defendant. *See Smoot v. Chicago, Rock Island. & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967) ("This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty."). As the party invoking federal jurisdiction, State Farm "bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *See Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). Upon consideration of the record presented, the Court finds that State Farm has failed to carry this heavy burden of showing that Plaintiffs' negligence claim against Shepherd is "'so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.'" *Montano v. Allstate Indemnity*, No. 99-2225, 2000 WL 525592, *2 (10th Cir. April 14, 2000) (quoting *Batoff v. State Farm Ins. Co*., 977 F.2d 848, 851-53 (3d Cir. 1992)).

## Conclusion

For these reasons, the Court finds that State Farm has failed to show the existence of subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 15] is GRANTED. This action is remanded to the District Court of Cleveland County, Oklahoma.

IT IS SO ORDERED this  24th  day of February, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE